GEORGE YOCHEIM v. STATE OF OHIO.

And 35 other cases.

ON REMAND FOR RESENTENCE JUSTICE MAY RESENTENCE ACCUSED NOTWITHSTANDING TIME FOR JUDGMENT HAS ELAPSED.

Upon reversal by the common pleas court of the judgment of a justice of the peace in a criminal case for error in the sentence alone, and remand for resentence, the justice has authority to resentence, notwithstanding the time has elapsed, after the trial, within which judgment must be rendered. *Derby* v. *State*, 24 O. C C 304 (6 N. S. 91), overruled in part.

ERROR to Cuyahoga common pleas court.

**E. J. Albl, E. Sutherland** and **J. C. Bloch,** for plaintiff in error.

**U. G. Denman,** Atty. Gen., and **C. P. Hine,** for defendant in error.

Cited and commented upon the following authorities. *Williams* v. *State,* 18 Ohio St. 46, 47; *Picket* v. *State,* 22 Ohio St. 405; *Carey* v. *State,* 70 Ohio St. 121 [70 N. E. Rep. 955]; *Hamilton* v. *State,* 78 Ohio

Yocheim v. State.

St. 76 [84 N. E. Rep. 601]; *State* v. *Hutchinson*, 55 Ohio St. 573 [45 N. E. Rep. 1043]; *Marvin* v. *State*, 7 Dec. 204 (5 N. P. 209); *Steele* v. *Karb*, 78 Ohio St. 376 [85 N. E. Rep. 580]; *State* v. *Ransick*, 62 Ohio St. 283, 286 [56 N. E. Rep. 1024]; *Nickel* v. *State*, 3 Circ. Dec. 605 (6 R. 601); *Blackburn* v. *State*, 22 Ohio St. 581; *Miller* v. *State*, 73 Ohio St. 195 [76 N. E. Rep. 823]; *Dalrymple* v. *State*, 26 O. C. C. 562 (5 N. S. 185); *Derby* v. *State*, 24 O. C. C. 304 (6 N. S. 91); 1 Bishop Crim. Proced. Sec. 1291; *United States* v. *Harman*, 68 Fed. Rep. 472; *Cross, In re*, 146 U. S. 271 [13 Sup. Ct. Rep. 109; 36 L. Ed. 969]; *Bonner, In re*, 151 U. S. 242, 258 [14 Sup. Ct. Rep. 323; 38 L. Ed. 149]; *Baum* v. *Hartmann*, 238 Ill. 519 [87 N. E. Rep. 334]; *State* v. *Bohn*, 55 Ohio St. 555 [45 N. E. Rep. 707]; *State* v. *Budd*, 65 Ohio St. 1 [60 N. E. Rep. 988].

**WINCH, J.**

The only question in these cases is whether in a criminal case tried before a justice of the peace, upon reversal by the common pleas court for error in the sentence alone and remand for resentence, the magistrate has authority to so resentence, the time having elapsed after the trial within which judgment must be rendered.

We consider discussion of this question foreclosed by the precedent set by the Supreme Court in the case of *Carey* v. *State*, 70 Ohio St. 121, 127 [70 N. E. Rep. 955], where the judgment entered reads:

"Judgments of the circuit court and the court of common pleas, and of the mayor's court, reversed and cause remanded to the latter court for sentence."

The common pleas court in these cases did exactly what the Supreme Court did in *Carey* v. *State*, *supra*, and in following the practice thus established we cannot say that it was wrong.

So far as the case of *Derby* v. *State*, 24 O. C. C. 304 (6 N. S. 91), is in conflict with this conclusion, it is overruled.

Judgments affirmed.

**Henry** and **Marvin, JJ.**, concur.